UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAMON ARMAS BORROTO, JR.,

   Petitioner,

v.                                        CASE NO. 6:06-cv-1412-Orl-31JGG

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

   Respondents.

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1, filed September 15, 2006). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 11, filed November 14, 2006). Petitioner filed replies to the response (Doc. Nos. 15 and 16, filed December 5 and 11, 2006 ).

*I.    Procedural History*

Petitioner was charged by information with aggravated assault with a deadly weapon (count one), aggravated fleeing or attempting to elude a law enforcement officer (count two), and grand theft of a motor vehicle (count three). On February 23, 2001, Petitioner was tried by a jury and found not guilty of counts one and three and guilty of count two. The trial court sentenced Petitioner to a fifteen-year term of imprisonment.

Petitioner appealed his conviction and sentence to the Fifth District Court of Appeal of Florida. On September 20, 2002, the appellate court affirmed. *See Borroto v. State*, 829 So. 2d 272 (Fla. 5th DCA 2002). Mandate was issued on November 18, 2002.

On October 23, 2003, Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. On November 8, 2004, the motion was dismissed because it lacked the proper oath.

On August 16, 2004, Petitioner filed a Florida Rule of Criminal Procedure 3.800 motion to correct illegal sentence. The trial court denied the motion on September 29, 2004, and Petitioner appealed. On January 13, 2005, the appellate court dismissed the appeal as untimely.

On October 26, 2004, while his Rule 3.800 proceeding was still pending, Petitioner filed a second Rule 3.850 motion, which was denied on December 2, 2005. Petitioner appealed, and on June 27, 2006, the appellate court affirmed *per curiam*. Mandate was issued on August 31, 2006.

On January 31, 2005, Petitioner filed a second Rule 3.800 motion, which was denied on August 11, 2005. Petitioner appealed, and the appellate court affirmed *per curiam* on October 25, 2005.

## II.     *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the appellate court entered its order of affirmance on September 20, 2002. Petitioner then had ninety days, or through December 19, 2002, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13. Thus, under section 2244(d)(1)(A), the judgment of conviction became final on December 19, 2002, and Petitioner had through December 19, 2003, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one year period of limitation does not begin to run until the ninety day period for filing a petition for certiorari with the United States Supreme Court has expired). Under the mailbox rule,[1] the instant petition was not filed until September 11, 2006.

Under § 2244(d)(2), the one-year limitation is tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings. Petitioner's first Rule 3.850 motion, however, was not properly filed because it did not contain the oath required by Florida law. *See Hurley v. Moore*, 233 F.3d 1295, 1298 (11th Cir. 2000) ("Because [petitioner's] state post-conviction motion was not properly filed according to the state court's application of the written oath requirement, the

---

[1] The filing date under the "mailbox rule" is the date the pleading was placed in prison officials hands for mailing. *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

one-year statute of limitations under the AEDPA is not tolled."), *cert. denied*, 532 U.S. 1013 (2001). Thus, Petitioner's first Rule 3.850 motion did not toll the one-year period. Furthermore, Petitioner's other state proceedings were not initiated until after the one-year limitation expired, and therefore, could not serve to toll the one-year limitation. See *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000). Accordingly, the petition is untimely.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 22nd day of January, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 1/22
Ramon Armas Borroto, Jr.
Counsel of Record